UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x

IGNACIO GUERRA, on behalf of himself
And others similarly situated

                                Plaintiff,

              -against-

J.A.E.-L.A.R. RESTAURANT CORP. d/b/a CARIDAD
RESTAURANT, AMAURY ESPINAL, AMIN ESPINAL, and
LAURA RODRIQUEZ,

                              Defendants.
---------------------------------------------------------------------------------x

Index No.

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
REQUESTED**

Plaintiff IGNACIO GUERRA ("Guerra") ("plaintiff"), upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.    This lawsuit seeks to recover damages for plaintiff related to defendants' unlawful underpayment of wages and discrimination. Plaintiff was an hourly employee who worked for defendants J.A.E.-L.A.R. Restaurant Corp. d/b/a Caridad Restaurant, Amaury Espinal, Amin Espinal, and Laura Rodriguez (jointly referred to hereinafter as "defendants"), at their restaurant located at 3533 Broadway, New York, New York, 10031.

2.    Defendants have deprived plaintiff and his co-workers of minimum wages and overtime pay since at least on or about May 8, 2016 in violation of the Fair Labor Standards Act ("FLSA").

3.    Defendants jointly and severally deprived plaintiff of minimum wages and overtime compensation since May 24, 2012, in violation of New York Labor Law ("NYLL").

4.     Since May 24, 2012, defendants have violated notice-and-recordkeeping requirements by failing to provide plaintiff with statements listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. These are violations of NYLL §195(3).

5.     In addition, since May 24, 2012, defendants have violated notice-and-recordkeeping requirements by failing to provide plaintiff with wage notices, in violation of NYLL §195(1).

6.     Plaintiff brings this action to remedy violations by defendants of Article 19 §§650 *et seq.* of NYLL and the supporting New York State Department of Labor regulations.

7.     Plaintiff also brings this action to remedy the harms he suffered and continues to suffer as a consequence of defendants' unlawful discrimination, pursuant to the New York City Human Rights Law, New York City Administrative Code §§8-107 *et seq.* ("NYCHRL").

## JURISDICTION AND VENUE

8.     Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL and NYCHRL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9.     As stated below, Caridad, by its corporate entities, is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10.     Upon information and belief, owners/ managers Amaury Espinal, Amin Espinal, and Laura Rodriguez are subject to personal jurisdiction in the State of New York since they conduct business in New York County, State of New York.

11.     Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**Plaintiff**

12.   Plaintiff is an adult individual who is a resident of Bronx County, State of New York.

13.   At all times relevant, plaintiff was an employee as defined by the FLSA, NYLL and NYCHRL.

14.   Plaintiff was employed by defendants from on or about December 1, 2008 until on or about April 10, 2017, when he was subjected to an unlawful termination.

**Defendants**

15.     Defendant J.A.E.-L.A.R. Restaurant Corp. d/b/a Caridad Restaurant (hereinafter "Caridad Restaurant") is registered with the New York State Department of State Division ("DOS") of Corporations as an active, non-publicly traded, New York domestic business corporation in New York County, with its DOS process address recorded by DOS as 295 Madison Avenue, New York, New York, 10017.

16.   Caridad Restaurant is a restaurant that serves Dominican cuisine.

17.   At all times relevant, Caridad Restaurant has been opened to customers from 9:00 a.m. to 10:00 p.m. on Sundays through Thursdays, and 9:00 a.m. to 11:00 p.m. on Fridays and Saturdays.

18.    At all times relevant, Caridad Restaurant has employed approximately 30 employees.

19.    DOS records Caridad Restaurant's DOS ID # as 1593088

20.    On or about November 29, 1991, Caridad Restaurant initially filed with DOS as a corporate entity.

21.    According to information that is publicly available on the website of the New York State Liquor Authority, on March 26, 1992, Caridad Restaurant filed for an on-premises liquor license. The license became effective on June 1, 2017, and expires on May 31, 2019.

22.    Upon information and belief, based on information provided by plaintiff, Defendant Corporation is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Caridad is a popular restaurant with a thriving, high-volume location. It employs over 30 people.  As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

23.    Upon information and belief, as well as first-hand knowledge of plaintiff, Caridad regularly conducted interstate business.  Specifically, Caridad has regularly accepted credit card payments debiting funds from out-of-state bank accounts.  In addition, many of the staples served at the restaurant include products grown in states with tropical climates.

24.    Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

25.    Individual defendants Amaury Espinal, Amin Espinal, and Laura Rodriquez are recorded by the New York State Liquor Authority as principals of J.A.E. – L.A.R. Restaurant Corp. d/b/a Caridad Restaurant, located at 3533 Broadway, New York, New York, 10031.

4

26.     At all times relevant, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez were jointly the operators, managers, principles and owners of Caridad Restaurant.

27.     At all times relevant herein, defendants operated Caridad Restaurant as a restaurant.

28.     At all times relevant, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez have jointly been the owners and operators of corporate defendant Caridad Restaurant, and each have been individually engaged in the active management of the business operations of the corporate defendant.

29.     At all times relevant, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez were individually and jointly plaintiff's employers as defined by the FLSA, NYLL and NYCHRL.

30.     At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each exercised control over all aspects of the day-to-day functions of Caridad Restaurant, including: (i) operational control over the operational enterprise, including actively managing, supervising, and directing the business operations; (ii) power to establish, and did establish, the terms of employment of plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

31.     At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each acted directly and indirectly in defendant Caridad Restaurant's interest in relation to its employees, including plaintiff.

32.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to supervise the employees at Caridad Restuarant with the performance of their duties for defendants.

33.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to direct the employees at Caridad Restuarant with the performance of their duties for defendants.

34.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to hire and fire the employees at Caridad Restuarant with the performance of their duties for defendants.

35.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to make decisions about the workplace duties and hours of employees at Caridad Restuarant.

36.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to make decisions about pay of the employees at Caridad Restuarant.

37.    At all times relevant herein, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez each had the authority to act with respect to supervising, directing, hiring and firing, making decisions about workplace duties and hours and making decisions about pay of defendants' employees.

38.    During approximately four (4) of plaintiff's shifts each week, defendant Amaury Espinal was present, and actively supervising Caridad Restuarant's employees.

39.    Every day, defendant Amin Espinal was present, and actively supervising Caridad Restuarant's employees.

40.   During approximately four (4) of plaintiff's shifts each week, defendant Laura Rodriguez was present, and actively supervising Caridad Restuarant's employees.

41.   At all times relevant, defendants Amaury Espinal, Amin Espinal and Laura Rodriguez assigned plaintiff with specific duties, instructed him on the manner and method of doing those duties, and directed him to engage in additional duties throughout each day. This supervision included tasking, directing, overseeing, and evaluating plaintiff and other employees to do kitchen preparation work, including but not limited to setting up the kitchen counter for the kitchen staff, peeling fruits and vegetables and preparing rotisserie chickens; to stock the restaurant with items from vendor deliveries; to clean the restaurant premises; to stock the refrigerator with drinks; to do maintenance of the premises, including but not limited to engaging in electrical work and painting; and to make deliveries.

42.   At all relevant times, each defendant was a covered employer within the meaning of the FLSA, NYLL §190 and NYCHRL §8-102.

## PLAINTIFF'S WAGE ALLEGATIONS

43.   Plaintiff repeats, re-alleges and incorporate each and every preceding paragraph as if set forth fully herein.

44.   At all times relevant, defendants have operated a restaurant under the assumed name of Caridad Restaurant, 3533 Broadway, New York, New York, 10031.

45.   From on or about December 1, 2008 until on or about April 10, 2017, plaintiff Guerra worked at Caridad Restaurant located at 3533 Broadway, New York, New York, 10031, and was tasked with food preparation, cleaning, stocking, heavy lifting, and making deliveries.

46.   During the period covered by NYLL's 6-year statute of limitations, between May 24, 2012 and on or about December 31, 2012, plaintiff Guerra worked at least 72 hours each

week, and was paid a weekly salary of $270 each week, for an hourly rate of $3.75 per hour.

47.    Between on or about January 1, 2013 and on or about December 31, 2013, plaintiff Guerra worked at least 72 hours each week, and was paid a weekly salary of $290 each week, for an hourly rate of $4.02 per hour.

48.    Between on or about January 1, 2014 and on or about December 31, 2014, plaintiff Guerra worked at least 72 hours each week, and was paid a weekly salary of $300 each week, for an hourly rate of $4.16 per hour.

49.    Between on or about January 1, 2015 and on or about December 31, 2015, plaintiff Guerra worked 52 hours each week, and was paid a weekly salary of $330 each week, for an hourly rate of $6.34 per hour.

50.    Between on or about January 1, 2016 and on or about December 14, 2016, and on or about January 7, 2017 and on or about April 10, 2017, plaintiff Guerra worked 52 hours each week, and was paid a weekly salary of $480 each week, for an hourly rate of $9.23 per hour.

51.    Thus at all times relevant Plaintiff was not paid minimum wage.

52.    Further, at all times relevant Plaintiff was not paid overtime for hours worked in excess of forty.

53.    Between March 8, 2012 and on or about December 31, 2014, plaintiff Guerra worked six (6) twelve (12) hour shifts per week. Between on or about January 1, 2015 and on or about December 31, 2015, plaintiff Guerra worked five (4) twelve (12) and one (1) eight (8) hour shift per week. Between on or about January 1, 2016 and on or about December 14, 2016, and on or about January 7, 2017 and on or about April 10, 2017, plaintiff Guerra worked three (3) twelve (12) hour shifts and two (2) eight (8) hour shifts per week.

54.    At no time was Plaintiff provided the spread of hours premium when he worked in excess of ten hours per day.

55.    At no point during plaintiff's employment was he permitted to take a break, in violation of NYLL.

56.    During the relevant period, defendants did not utilize a punch clock or otherwise keep track of the hours worked by plaintiff.

57.    At all times relevant, defendants paid plaintiff a weekly salary at the end of each week, which was to cover all hours worked in a given workweek. Accordingly, at all times relevant, plaintiff was paid less than the required minimum wage rate with no overtime premium pay, in violation of the minimum wage and overtime provisions of NYLL.

58.    Defendants' violations of the wage and hour provisions of NYLL were intentional and willful.

59.    At all times relevant, defendants knowingly paid plaintiff less than the minimum wage as required by NYLL §§ 650 *et seq.* and the supporting regulations of the New York State Department of Labor.

60.    At all times relevant, defendants knowingly failed to pay plaintiff at the overtime rate as provided by NYLL for all hours in excess of forty (40) in a workweek, in violation of NYLL §§ 650 *et seq.* and the supporting regulations of the New York State Department of Labor.

61.    At all times relevant, defendants provided plaintiff with his compensation in an envelope, with their names and amount of compensation written on the envelope. Defendants did not provide plaintiff with a wage statement in his primary language containing the amount of hours worked and wages earned by plaintiff each given week, including the basis of plaintiff's

rate or rates of pay; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the name of the employer, and any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

62.   Defendants failed to provide plaintiff with a wage notice in his primary language, containing plaintiff' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer, and any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

63.   Because defendants failed to provide wage records to plaintiff as required by NYLL, plaintiff's recollection provide the basis of the factual allegations regarding the dates and times of their employment.

64.   Because plaintiff must base his factual allegations on their own recollection, the dates and times of employment are alleged with the qualification of "on or about."

65.   While working for defendants, plaintiff was tasked with, *inter alia*, kitchen preparation work, including but not limited to setting up the kitchen counter for the kitchen staff, peeling fruits and vegetables and preparing rotisserie chickens; stocking the restaurant with items from vendor deliveries; cleaning the restaurant premises; stocking the refrigerator with drinks; maintenance of the premises, including but not limited to engaging in electrical work and painting; and making deliveries. Plaintiff' spent over 40% of his work engaged in non-delivery work for the restaurant.

66.   At no point during plaintiff's employment did defendants advise him that their compensation would be subject to a tip credit. Moreover, at no point during plaintiff's employment did defendants keep track of any tips earned by plaintiff while making deliveries.

67.   As hourly restaurant employees for defendants, plaintiff is a covered employee within the meaning of the FLSA NYLL.

68.   At all times relevant, defendants have maintained a policy and practice of, *inter alia*: (a) not paying for all work hours; (b) not paying overtime premium pay for all work in excess of forty (40) hours a week; and (c) not paying the spread-of-hours premium for shifts in excess of ten (10) hours.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

69.   Plaintiff brings his first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at Caridad between on or about May 8, 2016 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

70.   Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

71.   At all times relevant to this complaint, and upon information and belief, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions.  Thus, the claims of plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

72.    Plaintiff and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay him in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

73.    Plaintiff and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

74.    For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## NYCHRL ALLEGATIONS

75.    Plaintiff repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

*Disparate Treatment Based on National Origin*

76.    Plaintiff is of Mexican nationality.

77.    At all times relevant, defendants have referred to plaintiff and other similarly situated workers of Mexican origin as "you Mexicans," and never by their actual names, while referring to Dominican employees by their actual names.

78.    At all times relevant, defendants have required plaintiff and other similarly situated workers of Mexican origin to perform all of the heavy lifting duties at defendants' business while not requiring the same of similarly situated workers of Dominican origin.

79.    Throughout the period Plaintiff worked for defendants, heavy cargos were

delivered several times per week by vendors. Defendants would require plaintiff and other similarly situated workers of Mexican origin to lift the heavy cargoes and move them to the appropriate places throughout the restaurant, shouting "send a Mexican to carry it." Similarly situated Dominican employees were not required to do any heavy lifting.

80.    On several occasions, the plaintiff complained that he was required to lift heavy cargoes while the Dominican employees were not, and in response, defendants have responded: "Dominicans are not capable of doing heavy lifting like you Mexicans."

81.    At all times relevant, defendants have not permitted plaintiff and other similarly situated workers of Mexican origin to take breaks during their shifts, while permitting the workers of Dominican origin to take 30-minute breaks during each shift.

82.    At all times relevant, defendants have required plaintiff and other similarly situated workers of Mexican origin to work 12-hour shifts, while permitting the workers of Dominican origin to only work 7-hour shifts.

83.    At all times relevant, defendants have required plaintiff and other similarly situated workers of Mexican origin to perform more onerous work than the workers of Dominican origin.

84.    At all times relevant, defendants have paid plaintiff and workers of Mexican origin less than the required minimum wage, while the similarly situated workers of Dominican origin were paid minimum wages or more.

*Discrimination Based on Age and Disability*

85.    Plaintiff Guerra is over the age of forty.

86.    On or about December 14, 2016, plaintiff Guerra was in an accident while performing a food delivery by bicycle for defendants, in which he tore three tendons in his right

shoulder and cracked both knee caps. As a result, plaintiff Guerra was hospitalized and advised by his doctor that he needed to avoid heavy lifting and remain on bed rest. Defendants were aware of plaintiff Guerra's accident and the doctor's recommendation, and permitted plaintiff to remain home to rest during a three-week period.

87.    On or about January 7, 2017, plaintiff Guerra returned to work and advised defendants that he could not do any heavy lifting due to his injuries, but that he could still do all of the other work that he had always performed. However, and without discussion, defendants disregarded plaintiff's request and required him to continue with his regular workload and schedule, which required extensive amounts of heavy lifting and long hours. This work was very difficult for plaintiff Guerra, and exacerbated his injuries.

88.    Towards the end of March, 2017, plaintiff Guerra advised defendant Amaury Espinal that he would be having surgeries due to his injuries, with the first one scheduled on April 11, 2017. Plaintiff Guerra advised that he would need some time to recuperate, and would likely need work accommodations when he returned to work.

89.    On April 11, 2017, plaintiff Guerra had surgery on his shoulder, on May 17, 2017, plaintiff Guerra had surgery on his right knee, and on October 5, 2017, plaintiff Guerra had surgery on his left knee.

90.    On or about December 15, 2017, when plaintiff Guerra had recuperated from his surgeries, plaintiff advised defendants that he was ready to return to work, but that he needed an accommodation that included no heavy lifting. In denying the accommodation request, defendant Amin Espinal stated: "For a Mexican, you're too old to be doing this type of work. You've already given us everything you have to give us. If you want to work here, I can give you a few hours, but you'll have to be able to do the work."

91.    Accordingly, defendants put plaintiff Guerra back on the schedule for 10 hour-shifts that included the requirement to perform heavy lifting. However, as plaintiff Guerra was unable to perform the heavy lifting, he did not return to work for defendants.

92.    As a result of defendants' unlawful failure to accommodate plaintiff Guerra's disability, he has suffered both economic damages associated with his loss of employment, as well as non-economic damages such as the emotional distress associated with being a victim of age and disability discrimination.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)**

93.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, re-alleges and incorporate each and every preceding paragraph as if set forth fully herein.

94.    At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

95.    At all times relevant, defendants employed plaintiff and FLSA Collective Plaintiff as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

96.    Defendants were required to pay plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

97.    Upon information and belief, defendants knowingly failed to pay plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

98.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiff, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)**

99.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

100.    Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiff and other FLSA Collective Plaintiff regularly worked in excess of forty (40) hours per workweek.

101.    At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

102.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiff, seeks and is entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.,* Brought by Plaintiff on Behalf of Himself)**

103.     Plaintiff, on behalf of himself repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

104.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiff less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

105.     Defendants did not pay the minimum wage for all hours worked by plaintiff.

106.     Upon information and belief, defendants' failure to pay plaintiff the minimum wage was willful within the meaning of the NYLL.

107.     Plaintiff seeks to recover his unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself)**

108.     Plaintiff, on behalf of himself repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

109.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiff at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

110.     Plaintiff seeks and is entitled to recover his respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

111.    Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

### (Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiff on Behalf of Himself)

112.    Plaintiff, on behalf of himself repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

113.    Defendants have failed to provide plaintiff with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

114.    Plaintiff has been damaged in an amount of $5000 each, based on daily penalties of $250.

## SIXTH CLAIM FOR RELIEF

### (Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiff on Behalf of Himself)

115.    Plaintiff, on behalf of himself repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

116.    Defendants have failed to provide plaintiff with wage notices as required on February 1 of every year in violation of NYLL § 195(1) apprising him of the new minimum wage rates in the relevant period.

117.    Plaintiff has been damaged in an amount of $5000 each, based on daily penalties of $250.

## SEVENTH CLAIM FOR RELIEF

### (Spread-of-Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Plaintiffs on Behalf of Themselves)

118.    Plaintiff, on behalf of himself repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

119.    Defendants regularly and knowingly required plaintiff to work in excess of ten (10) hours per day.

120.    Defendants knowingly, willfully, and intentionally failed to pay plaintiff and similarly situated persons one extra hour's pay at minimum wage for every day in which the interval between plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

121.    Because of defendants' willful violation of the NYLL, plaintiff and similarly situated persons are entitled to recover from defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### VIOLATIONS OF NYCHRL—NATIONAL ORIGIN DISCRIMINATION

122.  Plaintiff repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

123.  Defendants have discriminated against plaintiff on the basis of his Mexican national origin in violation of the New York City Human Rights Law (NYCHRL) by subjecting him to disparate terms and conditions of employment based upon their national origin.

124.  As a direct und proximate result of defendants' unlawful discriminatory conduct in violation of the NYCHRL, plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

125.  As a direct and proximate result of defendant's unlawful discriminatory conduct in violation of the NYCHRL, plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this he is entitled to an award of monetary damages, along with such other relief that the Court deems just and proper.

### NINTH CLAIM FOR RELIEF
### VIOLATIONS OF NYCHRL—AGE DISCRIMINATION

126.  Plaintiff repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

127.  Defendants have discriminated against plaintiff Guerra on the basis of his age in violation of the New York City Human Rights Law (NYCHRL) by refusing to accommodate his injury on account of his age and national origin.

128.  As a direct und proximate result of defendants' unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

129.  As a direct and proximate result of defendant's unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this he is entitled to an award of monetary damages, along with such other relief that the Court deems just and proper.

### TENTH CLAIM FOR RELIEF
### VIOLATIONS OF NYCHRL—DISABILITY DISCRIMINATION: FAILURE TO ACCOMMODATE

130. Plaintiff repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

131. Defendants have discriminated against plaintiff Guerra on the basis of his disability in violation of the New York City Human Rights Law (NYCHRL) by refusing to accommodate his injury.

132. As a direct und proximate result of defendants' unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

133. As a direct and proximate result of defendant's unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this he is entitled to an award of monetary damages, along with such other relief that the Court deems just and proper.

## ELEVENTH CLAIM FOR RELIEF
## VIOLATIONS OF NYCHRL—DISABILITY DISCRIMINATION: FAILURE TO ENGAGE IN AN INTERACTIVE DIALOGUE

134. Plaintiff repeats, re-alleges and incorporates each and every preceding paragraph as if set forth fully herein.

135. Defendants have discriminated against plaintiff Guerra on the basis of his disability in violation of the New York City Human Rights Law (NYCHRL) by refusing to accommodate his injury and failing to engage in an interactive dialogue in order to find an alternative accommodation.

136. As a direct und proximate result of defendants' unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

137. As a direct and proximate result of defendant's unlawful discriminatory conduct in violation of the NYCHRL, plaintiff Guerra has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this he is entitled to an award of monetary damages, along with such other relief that the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, plaintiff requests relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiff as representatives of the FLSA Collective Plaintiffs;

C. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that defendants' violations of the FLSA were willful;

E. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that defendants' violations of the NYLL were willful;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I.   An award of spread of hours penalty under the NYLL;

J.   An award of damages for defendants' violations of the notice and record-keeping provisions of NYLL;

K.   An award of liquidated damages pursuant to the FLSA;

L.   An award of damages for violations of NYLL;

M.   All penalties available under the applicable laws;

N.   An order declaring that the actions of defendants alleged in this Verified Complaint amount to discrimination in violation of the NYCHRL;

O.   An award of compensatory damages in an amount that would fully compensate plaintiff, plus prejudgment interest, for the economic loss, mental anguish, emotional pain and suffering, humiliation, embarrassment, emotional distress, feelings of paranoia and distrust, depression, low self-esteem, sleep deprivation, loss of enjoyment of life and interference with life's daily activities as well as continued stress and anxiety caused by defendants' violations of the law alleged in this Verified Complaint, in an amount to be determined at trial;

P.   An award of punitive damages in an amount that would punish defendants for the excessive, extreme, willful, wanton, reckless misconduct alleged in this Verified Complaint that would effectively deter defendants from future discrimination and other unlawful behavior, in an amount to be determined at trial.

Q.   All penalties available under the applicable laws;

R.   Attorneys' fees pursuant to all applicable statutes;

S.   Interest as provided by law; and

T.   Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial before a jury for all causes of action and claims for which he has

a right to a jury trial.

Dated: New York, New York
       May 8, 2019

Respectfully submitted,

MIRER MAZZOCCHI & JULIEN,
PLLC

By: Ria Julien
*Attorneys for Plaintiff*
150 Broadway, 12th floor
New York, NY 10038
(212) 231-2235